**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0615-22

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

SHAMIR JUDSON,

    Defendant-Appellant.

_____

Submitted January 29, 2024 – Decided July 12, 2024

Before Judges DeAlmeida and Bishop-Thompson.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment No. 17-08-2163.

Joseph E. Krakora, Public Defender, attorney for appellant (Abby P. Schwartz, Designated Counsel, on the brief).

Matthew J. Platkin, Attorney General, attorney for respondent (Debra G. Simms, Deputy Attorney General, of counsel and on the brief).

PER CURIAM

Defendant Shamir Judson seeks reversal of the trial court's denial of his petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm for the reasons expressed in Judge Harold W. Fullilove, Jr.'s cogent written opinion.

I.

In August 2017, an Essex County grand jury charged defendant with first-degree conspiracy to commit murder or attempted murder, N.J.S.A. 2C:5-2 and N.J.S.A. 2C:11-3a(1) (count one); first-degree murder, N.J.S.A. 2C:11-3a(1)(2) (count two); first-degree attempted murder, N.J.S.A. 2C:11-3a(1)(2) and N.J.S.A. 2C:5-1 (count three); three counts of second-degree aggravated assault, N.J.S.A. 2C:12-1b(1) (counts four, five and six); second-degree unlawful possession of a handgun, N.J.S.A. 2C:39-5(b) (count seven); and second-degree possession of a handgun for unlawful purposes, N.J.S.A. 2C:39-4(a) (count eight). In a separate indictment, defendant was charged with second-degree possession of a weapon by a convicted person, N.J.S.A. 2C:39-7(b)(1).

Pursuant to the negotiated plea agreement, on January 15, 2019, defendant entered a retraxit plea of guilty to first-degree conspiracy to commit murder in exchange for a sentence recommendation of a twenty-year prison term subject to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2, dismissal of the

2

remaining charges and the separate indictment, and concurrent sentences on the pending probation violation as a result of his arrest on the 2017 indicted charges. Defendant also agreed to be a cooperating witness in the State's case against co-defendants George Mann and Hamid Willis.

During defendant's plea colloquy with the court, he testified that he understood the terms of the negotiated plea agreement. Defendant also stated that he had reviewed the discovery, police reports, and statements in his case. Defendant further stated that he was satisfied with trial counsel's representation at the time of the plea hearing. When asked by the court if he had discussions with trial counsel about his plea, defendant testified that he understood the plea forms and trial counsel explained each question to him. On defendant's plea form, he circled "Yes" that he was satisfied with the advice received from counsel. Defendant also circled "No" affirming that no other "promises" or "threats" were made to cause him to plead guilty.

Based on defendant's responses, the judge was satisfied defendant understood his rights and the terms of the plea offer. The judge further determined defendant provided an adequate factual basis for his plea and entered a plea "freely and voluntarily."

A-0615-22

Prior to imposing sentence on January 21, 2020, the trial court considered the pre-sentence investigative report, afforded defendant an opportunity to make a statement, and explained its reasons for the departure from the State's sentencing recommendation. The court also noted the terms of the plea agreement and the co-defendants' status.

The court found aggravating factors three, the risk of re-offense; six, the extent of prior criminal record and the seriousness of the convicted offense; and nine, the need to deter; and mitigating factor twelve, the willingness to cooperate with law enforcement. The court explained to defendant the plea agreement recommended a twenty-year prison term; however, a seventeen-year prison term subject to NERA would be imposed because defendant's guilty plea assisted the State in obtaining a guilty plea from one of the co-defendants. On the same day, the court entered a judgment of conviction and a judgment of dismissal on the separate indictment for the weapons offense.

Thereafter, defendant appealed his sentence, and the matter was listed on the excessive sentencing calendar pursuant to Rule 2:9-11. We affirmed defendant's sentence. State v. Judson, A-0422-20 (App. Div. Mar. 23, 2021). Defendant's petition for certification was denied. State v. Judson, 248 N.J. 263 (2021).

4

In July 2020, defendant, then self-represented, filed a PCR petition, alleging ineffective assistance of trial counsel. In April 2022, assigned PCR counsel filed an amended verified PCR petition and brief in further support of defendant's petition. Defendant argued that plea counsel failed to meet with him sufficiently to discuss his case, review the discovery with him prior to the entry of his guilty plea, and adequately review and explain the plea offer with him. Defendant further argued plea counsel told him to plead guilty despite his claims of innocence and his stated desire to go to trial. Defendant, therefore, asserted his guilty plea was defective under Rule 3:9-2. Alternatively, defendant sought to withdraw his plea pursuant to the four-part test articulated in State v. Slater, 198 N.J. 145 (2009).

Following oral argument, on September 6, 2022, Judge Harold Fullilove, Jr. issued a written opinion and an order denying defendant's PCR petition without an evidentiary hearing. The judge concluded defendant failed to establish a prima facie claim of ineffective assistance of counsel under Strickland v. Washington, 466 U.S. 668, 687 (1984), adopted by our Supreme Court in State v. Fritz, 105 N.J. 42, 52 (1987). After reviewing the plea transcript, the judge concluded the "guilty plea refute[d] defendant's assertion."

Judge Fullilove next thoroughly addressed defendant's motion to withdraw his guilty plea and applied the <u>Slater</u> factors. The judge determined defendant did not satisfy the <u>Slater</u> four-prong test, finding that (1) defendant's claim of innocence based on a late exercise of a waived right was just a bare assertion; (2) defendant made no plausible showing of a valid defense or demonstrated why that defense was forgotten or missed at the time of the plea; (3) defendant's reasonable expectation of the plea was exceeded because he received a seventeen-year prison term; and (4) the withdrawal of the plea would prejudice the State due to the passage of time.

## II.

On appeal, defendant reprises the arguments asserted before the judge, contending:

> POINT I
>
> DEFENDANT WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL BECAUSE HIS LAWYER FAILED TO MEET WITH HIM AND REVIEW THE DISCOVERY IN ORDER TO AVOID DEFENDANT HAVING TO ENTER A PLEA OF GUILTY, PLUS DEFENDANT'S PLEA OF GUILTY WAS NOT VOLUNTARY AND THEREFORE NOT VALID.
>
> A. Defendant's Lawyer Failed to Conduct any Investigation and Failed to Review the Discovery with Defendant.

A-0615-22

> B.     Defendant's Plea of Guilty was not Entered Knowingly and Intelligently.

### POINT II

### DEFENDANT'S PLEA SHOULD BE WITHDRAWN AS IT WAS NOT VOLUNTARY.

Defendant's arguments are unavailing.

The factual and legal determinations made by a PCR court are reviewed de novo when an evidentiary hearing is not held. State v. Harris, 181 N.J. 391, 420-21 (2004); State v. Lawrence, 463 N.J. Super. 518, 522 (App. Div. 2020). A PCR court's decision to proceed without an evidentiary hearing is reviewed for an abuse of discretion. State v. Vanness, 474 N.J. Super. 609, 623 (App. Div. 2023) (citing State v. Brewster, 429 N.J. Super. 387, 401 (App. Div. 2013)).

When the defendant's basis for relief is premised on a claim of ineffective assistance of counsel, he is required to satisfy the two-prong test enunciated in Strickland by demonstrating that: (1) counsel's performance was deficient, and (2) the deficient performance prejudiced the accused's defense. Strickland, 466 U.S. at 687; Fritz, 105 N.J. at 56-8. When reviewing such claims, courts apply a strong presumption that defense counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Strickland, 466 U.S. at 690.

"[A] defendant asserting ineffective assistance of counsel on PCR bears the burden of proving his or her right to relief by a preponderance of the evidence." State v. Gaitan, 209 N.J. 339, 350 (2012) (citing State v. Echols, 199 N.J. 344, 357 (2009)); State v. Goodwin, 173 N.J. 583, 593 (2002). A failure to satisfy either prong of the Strickland standard requires the denial of a PCR petition. Strickland, 466 U.S. at 700; Nash, 212 N.J. at 542; Fritz, 105 N.J. at 52.

A petitioner is not automatically entitled to an evidentiary hearing. State v. Porter, 216 N.J. 343, 355 (2013). The PCR court should grant an evidentiary hearing "if a defendant has presented a prima facie claim in support of [PCR]." State v. Preciose, 129 N.J. 451, 462 (1992).

In the context of a guilty plea, a defendant must demonstrate: (1) counsel's performance was not "within the range of competence demanded of attorneys in criminal cases," and (2) "that there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pled guilty and would have insisted on going to trial." State v. DiFrisco, 137 N.J. 434, 457 (1994) (alteration in original) (quoting Tollett v. Henderson, 411 U.S. 258, 266 (1973) and Hill v. Lockhart, 474 U.S. 52, 59 (1985)).

"An appellate court is in the same position as the trial court in assessing whether the factual admissions during a plea colloquy satisfy the essential elements of an offense." State v. Tate, 220 N.J. 393, 404 (2015). Generally, a motion to withdraw a guilty plea is governed by the Slater factors. Slater, 198 N.J. at 157-58. However, "when the issue is solely whether an adequate factual basis supports a guilty plea, a Slater analysis is unnecessary." Tate, 220 N.J. at 404.

The record shows that defendant's arguments were all considered, analyzed, and rejected by Judge Fullilove. We, therefore, affirm substantially for the reasons explained by Judge Fullilove in his well-reasoned written opinion. In doing so, we are satisfied defendant failed to provide any credible evidence which surpasses his testimony given during the plea hearing. He, therefore, failed to satisfy either prong of the Strickland/Fritz test and overcome the presumption that counsel's performance fell within the wide range of reasonable representation. State v. Pierre, 223 N.J. 560, 578-79 (2015). We conclude the judge did not abuse his discretion in concluding defendant was not entitled to an evidentiary hearing.

We also conclude defendant failed to satisfy the Slater factors. We agree with the judge that "defendant was required, and fail[ed], to present specific,

credible facts; and he does not and cannot point to any facts in the record which buttress his assertion." See Slater, 198 N.J. at 158. As noted above, the judge determined defendant provided an adequate factual basis for his plea. Accordingly, defendant's motion was correctly denied.

To the extent we have not expressly addressed any arguments made in support of defendant's appeal, we have determined they are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION